IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILL HEARD CHEVROLET CORP.-NASHVILLE, | ) ) ) |
| Appellant, | ) ) ) |
| v. | ) Civil No. 3:05-0638 ) Judge Trauger |
| IRIS L. HISTLE, | ) ) ) |
| Appellee. | ) ) ) |

## MEMORANDUM and ORDER

This is an appeal from the Bankruptcy Court, which, in two orders issued in April 2005, found that Bill Heard Chevrolet Corp.-Nashville ("Bill Heard") had violated the automatic stay and awarded "minimal sanctions." This court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Rembert v. AT & T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998), *cert denied*, 525 U.S. 978 (1998); *see also In re Caldwell*, 851 F.2d 852, 857 (6th Cir. 1988).[1]

### Factual Background

The facts are largely undisputed. On September 27, 2004, Iris L. Histle ("debtor") filed a lawsuit in the Circuit Court for Davidson County, Tennessee against Bill Heard for conversion and violations of the Tennessee Consumer Protection Act. She alleged that, in 2002, her ex-

---

[1] The debtor/appellee articulates this standard in her brief as: "Appellant Bill Heard Chevrolet's actions and violations are a question of fact . . . and . . . this Honorable Court may only set aside the Order of the Bankruptcy Court upon a clearly erroneous finding of its conclusion." (Docket No. 9 at 5)

1

husband had traded in a 1991 Nissan Maxima automobile to Bill Heard and that she, who was a 50% owner of that car, had not consented to the trade-in. While this case was pending, on December 23, 2004, the debtor filed for bankruptcy protection under Chapter 13. Schedule B of her Petition listed as personal property her one-half interest in the Maxima, with a value of $250, but her Statement of Financial Affairs did not list the pending lawsuit. The Bankruptcy Petition was filed by Attorney Andrew Tolbird; the state lawsuit had been filed on behalf of the debtor by Attorney James D. R. Roberts, Jr.

Unaware of the Chapter 13 filing, Bill Heard's lawyer in the state lawsuit, John B. Enkema, filed a motion to dismiss the state lawsuit on December 30, 2004. Roberts, the debtor's lawyer in the lawsuit, who also had not known of the bankruptcy filing, learned of it shortly thereafter and informed Enkema. There followed an exchange of correspondence between Roberts and Enkema concerning whether or not the automatic stay applied and what was or was not permitted to go forward in the state court lawsuit. Roberts contended that the automatic stay applied but that Bill Heard, for its part, still had to provide discovery. Enkema maintained that the automatic stay did not apply because this was a lawsuit that had been filed by the debtor, not against the debtor.

The hearing date for the motion to dismiss came and went, without a hearing being held. The Chapter 13 Plan was confirmed on February 28, 2005 and contained a provision that "lawsuit proceeds" would become a part of the "base" for the Plan.

On March 11, 2005, Bill Heard's motion to dismiss was heard in state court and granted from the bench. Although Enkema later submitted an order for the state judge's signature confirming the granting of the motion to dismiss, the order was never signed. The debtor filed a

2

motion in the Bankruptcy Court seeking sanctions for a violation of the automatic stay by Bill Heard and, on March 21 and March 28, 2005, the motion was heard in the Bankruptcy Court. The Bankruptcy Court found that Bill Heard had violated both subsections (a)(1) and (a)(3) of 11 U.S.C. § 362. The order so finding is two pages long and cites only to treatises (*Collier on Bankruptcy* and *Norton Bankruptcy Law & Practice 2D*). The Court ordered that Bill Heard pay attorney's fees as sanctions–$1,500 to Tolbird, the debtor's bankruptcy counsel, and $1,000 to Roberts, her lawyer in the state court proceeding. This appeal by Bill Heard followed.

## Analysis

This appeal turns on law, not facts. Bill Heard has extensively briefed the law on the pertinent issues both before the Bankruptcy Court and on this appeal. The debtor, on the other hand, has not cited one case in her 21-page brief that supports her position.

The Bankruptcy Court found that Bill Heard violated both 11 U.S.C. §§ 362(a)(1) and (a)(3). Section 362 provides, in pertinent part, as follows:

> [A] petition . . . operates as a stay, applicable to all entities, of–
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor. . .
> >
> > (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

As to § 362(a)(1), the key issue is whether the filing of a motion to dismiss a prepetition lawsuit filed by the debtor is an "action or proceeding against the debtor" that violates the automatic stay. The key issue under (a)(3) is whether the same action by Bill Heard amounts to an act to obtain

3

possession of property of the estate or of property from the estate or to exercise control over property of the estate.

Numerous circuits and other courts have held that the automatic stay does not apply to lawsuits initiated by the debtor, as was the state court lawsuit at issue here. *See Crosby v. Monroe County*, 394 F.3d 1328, 1331 (11th Cir. 2004); *Matter of U. S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991); *Brown v. Armstrong*, 949 F.2d 1007, 1009 (8th Cir. 1991); *Martin-Trigona v. Champion Fed. Sav.*, 892 F.2d 575, 577 (7th Cir. 1989); *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362 (S.D. Fla. 1985).[2] The court finds the reasoning of these courts persuasive, and Judge Posner articulates it particularly well:

> For any event the automatic stay is inapplicable to suits *by* the bankrupt. . . . This appears from the statutory language, which refers to actions "against the debtor," 11 U.S.C. § 362(a)(1), and to acts to obtain possession of or exercise control over "property of the estate," § 362(a)(3) and from the policy behind the statute, which is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to martial the estate's assets and distribute them equitably among the creditors. . . . The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, . . . and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

*Martin-Trigona, supra* at 577 (emphasis in original).

---

[2] Neither party nor the court has been able to find a Sixth Circuit decision directly on point. *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60 (6th Cir. 1983), discussed by both parties, is not.

4

Moreover, several cases have held specifically that the action of seeking dismissal of, or summary judgment as to, a claim brought by the debtor in a prepetition state court lawsuit is not a proceeding *against* the debtor that violates § 362(a)(1). *See Martin-Trigona, supra* at 577; *Trans Caribbean Lines, Inc., supra* at 362; *First Wisconsin Nat. Bank of Milwaukee v. Grandlich Dev.*, 565 F.2d 879, 880 (5th Cir. 1978).[3] Based upon this authority, the court finds in error the Bankruptcy Court's conclusion that the filing of a motion to dismiss a prepetition lawsuit filed by the debtor is an "offensive action" that violates § 362(a)(1).

As to the (a)(3) issue, at the time that the debtor filed her third Chapter 13 bankruptcy on December 23, 2004, Bill Heard was not in possession of the Maxima or the title to it. Therefore, Bill Heard cannot be said in any way to have been acting to obtain or exercise control over the Maxima as "property of the estate."

It is the lawsuit, and any potential recovery therefrom, that is the "property of the estate" that was the subject of the Bankruptcy Court's finding that Bill Heard had violated § 362(a)(3). Again, the court finds persuasive the court's reasoning in *Martin-Trigona*:

> There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is.

*Martin-Trigona, supra* at 577. This court, therefore, finds that, by filing a motion to dismiss the plaintiff's state court lawsuit, Bill Heard did not violate § 362(a)(3) by acting to obtain

---

[3]*First Wisconsin Bank* appears to have been decided before the enactment of the 1978 Bankruptcy Code, but it is interpreting language identical to the statutory language at issue in this case.

possession of property of the estate or from the estate or to exercise control over property of the estate.

For the reasons expressed herein, the court finds that Bill Heard did not violate either subsection (a)(1) or (a)(3) of 11 U.S.C. § 362 and, therefore, **REVERSES** the orders of the Bankruptcy Court, finding a violation and awarding sanctions therefor.

It is so **ORDERED**.

ENTER this 10th day of February 2006.

                                             ALETA A. TRAUGER
                                             U.S. District Judge